UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jorge David Rodriguez,

     v.                                         Civil Case No. 26-cv-188-JL

Superintendent, Strafford County
Department of Corrections, et al.

**ORDER**

Before the court is the habeas petition brought by Jorge David Rodriguez challenging his ongoing ICE detention. In their response to the petition, the respondents "acknowledge that if the Court applies the reasoning set forth in *Destino* in the instant case, the Court would likely reach the same result and would order that Petitioner be afforded a bond hearing before an immigration judge."[1] The respondents take the affirmative position that "Petitioner's detention is governed by 8 U.S.C. § 1225," and "object to this Court granting relief on the basis of *Destino*," maintaining that *Destino* was "wrongly decided."[2]

In a footnote, and with no further elaboration, the respondents "reserve[] the right to rely on 8 U.S.C. § 1226(c) in bond and removal proceedings before the Executive Office for Immigration Review (EOIR)."[3] Arguments made but not developed before the court are waived. *See, e.g. United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *Pickering v. Citizens Bank, N.A.*, No. 18-CV-229-JD, 2019 WL 3457602, at *4 (D.N.H. July 31, 2019) (DiClerico, J.) ("a court is not obligated to make arguments on behalf of a party, particularly a party represented by counsel, and may disregard arguments that are not developed."); *UMB Bank, N.A. v. MacMillin Co., LLC*, 654 B.R. 824 (D.N.H. 2023) (McCafferty, J.) (finding waived an argument "summarily assert[ed]" in a footnote and "insufficiently developed" before the court (citing *Coons v. Industrial Knife Co.*, 620 F.3d 38, 44 (1st Cir. 2010) (explaining that "judges are not obligated to do a party's work for him" and that district courts are "free to disregard" arguments that are not developed in briefs.))). The court accordingly finds that the government waived its argument that the petitioner is held under 8 U.S.C. § 1226(c).

Thus, based on the government's concession, the court GRANTS the petition[4] for a bond hearing based on the reasoning in *Destino* and orders the respondents to provide

---

[1] Resp't's Resp. (doc. no. 5) at 2 (citing *Destino v. FCI Berlin, Warden*, No. 1:25-CV-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025) (Elliott, C.J.).

[2] *Id*. at 1.

[3] *Id*. at 2.

[4] Pet. Writ Habeas Corpus (doc. no. 1).

the petitioner with a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable.  The petition is DENIED in all other respects.  The parties shall file a status report on or before April 3, 2026.

        SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: March 24, 2026
Cc: Counsel of record

2